# Citizens Traction Co. *v.* Venango County Commissioners, Appellants.

*Street railways—County bridges—Use—Compensation—Fixing compensation by court—Agreement of reference.*

In a suit in equity to determine the compensation which should be paid by a street railway company for the use of a county bridge which had been constructed so as to accommodate the tracks of such company, where the parties agreed in writing that the amount to be annually paid to the county for such use "whether as rental, share of up-keep or maintenance, or otherwise, and also such proportionate part, if any, of the original cost of said bridge, which under the circumstances should be paid by said company" should be determined by the Court of Common Pleas, the court was expressly authorized to include in the rental an item embracing "rental on account of design and construction, including increase in width of bridge," and the company could not thereafter be heard to question the authority of the court to include such item in the rental.

Argued Jan. 5, 1915. Appeal, No. 12, Oct. T., 1915, by defendants, from decree of Superior Court, Oct. T., 1913, No. 67, modifying decree of C. P. Venango Co., April T., 1912, No. 5, in Equity, fixing compensation for use of a county bridge in case of The Citizens Traction Company v. John L. Shaffer, J. T. Wallace and P. H. Culbertson, Commissioners of Venango County. Before BROWN, C. J., POTTER, ELKIN, STEWART, MOSCH-ZISKER and FRAZER, JJ. Reversed in part.

Appeal from Superior Court.

The facts appear in Citizens Traction Company v. Shaffer, 56 Pa. Superior Ct. 544, and in the opinion of the Supreme Court.

The Superior Court modified decree of the Court of Common Pleas by disallowing the item of $600 for "rental on account of design and construction, including increase in width of bridge." Defendants appealed.

*Error assigned* was the decree of the Superior Court.

*Wm. M. Parker,* with him *Speer & Weigle* and *J. D. Trax,* for appellants.

*Wm. J. Breene,* with him *Edmond C. Breene,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, February 8, 1915:

Under an agreement in writing, dated September 21, 1905, the Citizens Traction Company, the appellee, was given the right by the commissioners of Venango County to construct and maintain street railway tracks, trolley and feed wires and necessary fixtures upon and operate street cars over and across the Oil City Petroleum bridge, crossing the Allegheny river at Oil City. The terms of that agreement are unimportant in this proceeding, for the agreement itself provided that it should continue in force no longer than the life of the bridge "or only so long as the present superstructure remains." The bridge having become unsafe for travel several years after the execution of the agreement, was removed, and on its site a new structure was erected by the county of Venango. In this proceeding the court below found as follows: "The new bridge was designed and constructed in contemplation of its continued use by the railway and with a view to accommodating such use and the general public travel and traffic thereon as well. Whether or not a bridge with a roadway twenty-four feet wide would have been fairly and reasonably sufficient to accommodate the public use, present and prospective, not including that of the railway, is a con-

troverted point. There was, however, no contention that a thirty-foot roadway was not sufficient for both and it follows that a less width of way would accommodate the general public did the railway not enter thereon, and it is concluded that a twenty-eight foot way would in such case have been sufficient. By an approximation from the data referred to this would have cost $15,000.00 less than the present structure." The court thereupon concluded that upon this sum the traction company should pay interest to the county at the rate of four per cent. per annum. It is to be noted that the court did not order and the county did not claim the payment of any lump sum by the traction company as its proportionate part of the cost of the construction of the new bridge.

The amount fixed by the court as the sum which should be annually paid by the traction company for the privilege of entering upon and using the bridge is made up of three items: "1—Rental on account of design and construction, including increase in width of bridge, $600.00; 2—Rental on account of effect of railway traffic on life of bridge, $300.00; 3—Rental on account of supervision and repairs, $400.00." On appeal by the traction company to the Superior Court the first of the above items was stricken out and the decree of the court below modified accordingly: Citizens Traction Company v. Shaffer, 56 Sup. Ct. 544. This modification was made because, in the judgment of the Superior Court, the item stricken out was "without legal warrant," and the court below was, therefore, without authority to include it in its decree. The reasons for this conclusion appear in the opinion of the Superior Court. Whether they are correct, in the light of our cases upon the question of the right of a county to demand from a traction company using one of its bridges, such an item as was allowed by the court below, we do not regard as a question before us, for the lower court did have, by express stipulation in writing, on the part of the traction com-

pany, full authority to decree that it pay $600 annually as "rental on account of design and construction, including increase in width of bridge."

Before the new bridge was completed the traction company requested and was granted permission to use it when finished, but the county and the company were unable to agree upon the charge which should be paid for the use and occupation of the structure, and they agreed in writing on February 27, 1912, that what amount or sum, under all the circumstances, should be annually paid by the company to the county on account or by reason of the company's use and occupancy of the bridge and its approaches, "whether as rental, share of up-keep or maintenance, or otherwise, and also such proportionate part, if any, of the original cost of said bridge, which under the circumstances should be paid by said company to said county," should be determined by the Court of Common Pleas of Venango County. In view of this specific agreement on the part of the traction company, the court below did what it was expressly authorized to do by that company. Its jurisdiction to settle the differences between the county and the traction company in connection with the latter's use of the bridge, is not questioned, and it passed upon matters which were specifically submitted to it by the written agreement of the traction company. That company ought not to have been heard in the Superior Court complaining of want of authority on the part of the court below to do what it did.

So much of the decree of the Superior Court as modifies the decree of the court below is reversed, and that decree is now affirmed, at the costs of the appellee.