## Lewistown & Reedsville Electric Railway Co., Appellant, *v.* Mifflin County.

*Appeals—Equity—Findings of fact — Street railways — Use of county bridge—Compensation to county.*

1. Findings of fact in an equity proceeding to determine the compensation due by a street railway company to a county for the use of a county bridge will not be reversed where there is competent evidence to support them.

Argued May 12, 1925.    Appeal, No. 306, Jan. T., 1925, by plaintiff, from decree of C. P. Mifflin Co., Aug. T., 1924, No. 1, on bill in equity, in case of Lewistown & Reedsville Electric Ry. Co. v. Mifflin County.    Before Moschzisker, C. J., Frazer, Walling, Kephart, Sadler and Schaffer, JJ.    Affirmed.

Bill in equity for an injunction and to fix compensation for use of county bridge.    Before Bailey, P. J.

The opinion of the Supreme Court states the facts.

Decree entered awarding injunction and fixing compensation.    Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*William W. Uttley,* with him *Edward Hopkinson, Jr.,* and *Dickson, Beitler & McCouch,* for appellant.

*A. Reed Hayes,* with him *H. O. Lantz,* for appellee.

Per Curiam, June 27, 1925:

Many years ago Mifflin County, defendant, built an iron bridge over the Juniata River.    About 1902, the

Lewistown & Reedsville Electric Railway Company, plaintiff and appellant, laid its tracks on this structure and began operating its cars thereover. During the period of occupancy, the company, by agreement, made annual payments to the county for the use of the bridge. In 1922, the latter determined to replace the old bridge by a wholly new one of concrete, which was intended and designed for street railway, pedestrian and vehicular use. On its completion, plaintiff company proceeded to use the new bridge, and filed the present bill to restrain the county from interfering with the laying of its tracks and the operation of its cars thereon; and, under authority of Reading City Passenger Ry. Co. v. Berks County, 246 Pa. 44; Citizens' Traction Co. v. Venango County Commissioners, 248 Pa. 72, and Citizens' Traction Co. v. Shaffer, 56 Pa. Superior Ct. 544, it prayed the court below to fix the compensation to be paid by it to the county for the use of the bridge. The court granted the injunction and ordered plaintiff to pay $4,000 each year for a period of ten years; after that, compensation to be left to the agreement of the parties or otherwise regulated by judicial decree.

Plaintiff invoked the aid of the court below and defendant acquiescing in its exercise, no question of jurisdiction was raised by either side; but appellant contends that the evidence depended on is insufficient to sustain certain of the findings of fact, that some of these findings should not have been considered, and that the compensation fixed is too high. A discussion of these points would serve no useful purpose. It is sufficient to say that, after examining the record, reading the testimony, and considering the arguments of counsel, we find no reversible error.

The decree is affirmed at cost of appellant.